IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY SCOTT BURTON, )
   Administrator of the Estate of )
   Thomas Price Bryant, )
    )
                        Plaintiff, )
    )
     v. )   Case No. 24-2518-JWL
    )
METROPOLITAN LIFE INSURANCE )
COMPANY, et al., )
    )
                      Defendants. )
_____)

## MEMORANDUM AND ORDER

This interpleader action comes before the Court on plaintiff's amended motion for a default judgment (Doc. # 37). The Court **grants** the motion, and judgment shall be entered in favor of plaintiff, as administrator of the Estate of Thomas Price Bryant, in the amount of $238,118.39.

Plaintiff Timothy Scott Burton, acting as the administrator of the Estate of Thomas Price Bryant, initiated this action seeking to recover the proceeds of an annuity contract with defendant Metropolitan Life Insurance Company ("Metropolitan"). The contract, including a change-of-beneficiary form executed by decedent Thomas Bryant, provided that the proceeds would be paid upon decedent's death to his sons, defendants David Bryant and Daniel Bryant, with the proceeds paid to decedent's estate if the named beneficiaries predeceased decedent. Plaintiff asserted that any named beneficiary had predeceased

decedent and that the estate was therefore entitled to the proceeds. Metropolitan, by counterclaim and cross-claim, transformed this action into an interpleader action under Fed. R. Civ. P. 22, with plaintiff and the two individual defendants as claimants; and the Court subsequently ordered Metropolitan to deposit the proceeds (less an award for attorney fees) into the Court and dismissed Metropolitan from the case. Neither David Bryant nor Daniel Bryant has responded to plaintiff's complaint or the interpleader action or otherwise appeared in this action, despite plaintiff's attempts to locate them and service by publication. Accordingly, on August 1, 2025, the Clerk entered those defendants' default. Plaintiff now moves for a default judgment in his favor.

The Court concludes that a default judgment should be entered in plaintiff's favor. Because David Bryant and Daniel Bryant failed to file any answer denying the factual allegations asserted in plaintiff's complaint and the interpleader claims, those allegations are deemed admitted. *See Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996); *see also Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (after default, a defendant forfeits its right to contest pleaded facts). Default judgment is appropriate in an interpleader action, "[a]s the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *See Life Ins. Co. of N. Am. v. Jenkins-Dyer*, 2009 WL 1559778, at *1 (D. Kan. May 29, 2009) (citing cases) (granting default judgment in interpleader action). "This application of Rule 55 protects the stakeholder and claimant while removing parties who have no interest in the litigation." *See id.*; *see also State Farm Mutual Auto. Ins. Co. v. Wagnon*, 1992 WL 64883, at *1 (10th Cir. Mar. 30, 1992) (unpub.

op.) (default judgment against an interpleader claimant terminates the claimant's interest in the fund; quoting another court's holding that the failure to answer an interpleader complaint can be viewed as forfeiting any claim of entitlement); *State Farm Life Ins. Co. v. Weber*, 2021 WL 719066, at *1 (D. Kan. Feb. 24, 2021) (granting default judgment in interpleader case).

Therefore, by failing to answer or otherwise to appear in this action to assert a claim to the annuity proceeds, David Bryant and Daniel Bryant have forfeited any interest in those proceeds. Accordingly, plaintiff, as the lone remaining interpleader claimant asserting an interest in the proceeds, is entitled to a default judgment as requested.

Although Rule 55(b)(2) provides that a court may conduct a hearing if necessary to determine damages as part of a default judgment, such a hearing is unnecessary here because plaintiff claims an amount certain, namely the proceeds deposited into the Court. *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (Rule 55 does not require a hearing or even evidence before a default judgment is entered; hearing is not required if the amount claimed is one capable of mathematical calculation); *see also Jenkins-Dyer*, 2009 WL 1559778, at *2 (no hearing was required for default judgment in that interpleader action); *Weber*, 2021 WL 719066, at *1 n.1 (same). Accordingly, the Court grants the motion, and it orders judgment to be entered in favor of plaintiff, as administrator of the Estate of Thomas Price Bryant, in the amount of $238,118.39.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's amended motion for a default judgment (Doc. # 37) is hereby **granted**, and judgment shall be entered

in favor of plaintiff, as the administrator of the Estate of Thomas Price Bryant, in the amount of $238,118.39.

IT IS SO ORDERED.

Dated this 21st day of August, 2025, in Kansas City, Kansas.

 /s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

4